# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### BRYSON CITY DIVISION

### CRIMINAL NO.  2:05CR8

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| **VS.** | ) | **O R D E R** |
| | ) | |
| | ) | |
| **FREEMAN DARRELL WELCH** | ) | |
| | ) | |

**THIS MATTER** is before the Court on the Government's motion to continue the case from the June term of Court in the Bryson City Division.  The Government also moved to exclude any expert witness testimony due to the failure to timely produce expert reports.

The Court will deny the motion to exclude the expert testimony without prejudice to renewal in the event defense counsel does not timely comply with the Federal Rules of Criminal Procedure.

It is clear from the motion that neither expert has rendered a report to date.  Yet, on June 14, 2005, the Defendant filed a notice pursuant to Federal Rule of Criminal Procedure 12.2(b) of his intent to present expert evidence relating to a mental condition bearing on the issue of guilt. While this notice is technically untimely, the Court will allow it based on the fact that the expert reports have not been prepared.  The Rule also provides, however, that the Court may grant the parties additional time for trial preparation if the filing of a late notice is allowed.[1]  **Fed. R.**

---

[1]This case was previously continued for the purpose of allowing the Defendant to obtain expert evidence.

**Crim. P. 12.2(b).** Moreover, now that the Defendant has filed the notice, "the court may, upon the government's motion, order the defendant to be examined[.]" **Fed. R. Crim. P. 12.2(c)(1)(B).** In the motion to continue, the Government notes that it has an expert which has not yet examined the Defendant; thus, it may be that the Government intends to move for an examination.

In addition, the forensic psychologist appointed by the Court has not examined or met with the Defendant. The Court finds that the case must be continued to allow the completion of the expert reports sought by the Defendant. **18 U.S.C. § 3161(h)(1)(A).** Moreover, failure to grant the continuance would deny both the Defendant and the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. **18 U.S.C. § 3161(h)(8)(B)(iv).** For the reasons stated herein the ends of justice served by granting the continuance outweigh the best interest of the public and the Defendant to a speedy trial. **18 U.S.C. § 3161(h)(8)(A).**

**IT IS, THEREFORE, ORDERED** that the Government's motion to exclude expert evidence is hereby **DENIED WITHOUT PREJUDICE TO RENEWAL.**

**IT IS FURTHER ORDERED** that, in the event defense counsel does not comply with Fed. R. Crim. P. 16 on or before July 15, 2005, the Government may renew its motion to exclude expert evidence.

**IT IS FURTHER ORDERED** that the Government's motion to continue is hereby **GRANTED**, and this matter is continued from the June 2005 term in the Bryson City Division. The Clerk is directed to calendar this case for trial during the Court's August 2005 term in the Bryson City Division. This case will not be continued a third time.

**Signed: June 15, 2005**

Lacy H. Thornburg
United States District Judge