**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY  DIVISION**

**CIVIL NO. 2:08CV31-02
(2:05CR8)**

| | |
|---|---|
| **FREEMAN D. WELCH,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| **v.** | )　　**MEMORANDUM AND** |
| | )　　**O R D E R** |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Respondent.** | ) |
| _____ | ) |

**THIS MATTER** is before the Court on Petitioner's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, filed October 24, 2008.  No response is necessary from the Government.

**I.  STANDARD OF REVIEW**

A prisoner in federal custody may attack his conviction and sentence on the grounds that it is in violation of the Constitution or United States law, was imposed without jurisdiction, exceeds the maximum penalty, or is otherwise subject to collateral attack.  **28 U.S. C. § 2255**.  However,

[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

**Rule 4, Rules Governing Section 2255 Proceedings for the United States District Courts.**  The Court, having reviewed the record of the criminal proceedings, enters summary dismissal for the reasons stated herein.

## II.  PROCEDURAL HISTORY

On February 8, 2005, Petitioner an American Indian, was charged with the first degree murder of his American Indian wife, in Indian country, in violation of 18 U.S.C. §§ 1111 and 1153.  **Bill of Indictment, filed February 8, 2005**.  On August 17, 2005, a jury found Petitioner guilty as charged.  **Verdict Sheet, filed August 17, 2005**.

On June 29, 2006, Petitioner appeared before the undersigned for a sentencing hearing, during which the Court entertained his objection to the presentence report's failure to recommend that he receive a reduction for his acceptance of responsibility.  Specifically, defense counsel argued that Petitioner never denied inflicting the wounds which caused his wife's death,

he merely denied that he did so with premeditation.  **Transcript of Sentencing Hearing, filed September 15, 2008, at 4**.  Therefore, defense counsel argued that Petitioner should have received some credit for having accepted responsibility for his unlawful conduct.  ***Id***.  The Government responded that the objection was irrelevant in that Petitioner's conviction exposed him to a mandatory life sentence and, in any case, normally such reductions were available only to defendants who proceeded to trial on constitutional, not factual issues.  ***Id*. at 4-5**.  The Court overruled Petitioner's objection.  ***Id*. at 5**.

Thereafter, defense counsel told the Court that although Petitioner had not remembered exactly what had happened when he killed his wife, he was cooperative with counsel; counsel further stated that the circumstances of the case were tragic and sad.  ***Id*. at 5-6**.  Petitioner addressed the Court, apologizing for his conduct and expressing hope for future forgiveness from his family.  ***Id*. at 6**.  The prosecutor expressed disbelief at Petitioner's alleged inability to recall the facts of his crime.  ***Id*. at 6-7**.  One of the victim's two family members who were in Court described the difficulties she was encountering from the loss of her sister and from raising the victim's children.  ***Id*. at 7-9**.  After considering the

foregoing, the Court imposed the mandatory minimum term of life imprisonment.  **Judgment in a Criminal Case, filed July 13, 2006**.

Petitioner appealed his conviction and sentence.  **Notice of Appeal, filed July 19, 2006**.  On appeal, Petitioner argued only that this Court erred in admitting certain evidence under Fed. R. Evid. 404(b), and it abused its discretion in permitting an expert to give rebuttal testimony in violation of Fed. R. Crim. P. 16.  ***United States v. Welch*, 238 F. App'x 944, 945-46 (4th Cir. 2007)**.  The Court of Appeals concluded that there was no abuse of discretion because the 404(b) evidence was neither irrelevant nor unfairly prejudicial.  ***Id***.  The Circuit Court further concluded that Petitioner did not suffer substantial prejudice from the rebuttal witness' testimony since he was able to conduct a thorough cross-examination of the witness; that Petitioner could have had earlier access to the witness' report had he previously requested a copy of it, and, therefore, that the admission of the expert's testimony was not an abuse of discretion.  ***Id.***  On November 5, 2007, the United States Supreme Court denied Petitioner's Petition for a Writ of Certiorari, thereby concluding his pursuit of direct review.  ***See* 128 S. Ct. 554 (2007).**

Petitioner alleges in his timely filed § 2255 motion that: (1) the Government violated his due process rights by failing to prove that both he and the victim are/were American Indians as required for subject matter jurisdiction in this Court; (2) the Government denied him the effective assistance of counsel by refusing to provide its own attorneys to represent him at trial as required under 25 U.S.C. § 175;[1] (3) the Government failed to prove that the killing was premeditated; and (4) the Government violated certain jurisdictional requirements by failing to prove that the crime was committed "within Indian country [and] on Indian Land."

## III. DISCUSSION

By three of his four claims, Petitioner seeks to challenge the sufficiency of the evidence by arguing that the Government failed to prove that both he and the victim are/were Indians and that the crime was committed with premeditation as required for a conviction under 18 U.S.C. § 1111 and that the crime was committed on certain territory as required

---

[1] A provision which gives the Government the discretion to represent American Indians in civil suits involving claims brought in law or equity.

for a conviction under 18 U.S.C. § 1153.[2]  In the remaining claim, Petitioner

argues that he was entitled to have a government-employed attorney serve

as his defense counsel.  These claims, however, are procedurally

defaulted.

------

[2] At first blush, these three claims could appear to be jurisdictional challenges which, of course, could not be procedurally defaulted. ***See United States v. Cotton*, 535 U.S. 625, 630 (2002) (noting that "subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived.  Consequently, defects in subject-matter jurisdiction require correction regardless of whether the error was raised in district court.")**.  However, several courts have determined that the jurisdictional element of federal crimes does not present a pure question of the court's subject matter jurisdiction, thereby making such claims subject to procedural default rules. ***See, e.g., United States v. Ratigan,* 351 F.3d 957, 964 (9th Cir. 2003) (concluding that a claim alleging a defect in the Government's evidence of FDIC status in bank robbery case "is a simple question of the legal sufficiency of the government's evidence[,]" not a jurisdictional question which could not be procedurally defaulted); *Hugi v. United States*, 164 F.3d 378, 380-81 (7th Cir. 1999) (concluding that defect in the Government's proof of a link to interstate commerce in a wire fraud case is not a defect which deprived the court of jurisdiction); *United States v. Ayarza-Garcia*, 819 F.2d 1043, 1047-48 (11th Cir. 1987) (concluding that jurisdictional challenge involving question of the sufficiency of the evidence in a federal drug case involves determination of issues of fact going to merits of prosecution, not the court's authority to hear case), *superseded by statute on other grounds as stated in United States v. Tinoco*, 304 F.3d 1088 (11th Cir. 2002)**.  Therefore, the rules governing procedural default are applicable to Petitioner's attacks on the sufficiency of the evidence supporting his convictions under 18 U.S.C. §§ 1111 and 1153 as those claims do not attack this Court's subject-matter jurisdiction.

The law is well settled that "[i]n order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, the movant must show cause and actual prejudice resulting from the errors of which he complains[,] or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack." **United States v. Mikalajunas, 186 F.3d 490, 492-93 (4ᵗʰ Cir. 1999), (citing United States v. Frady, 456 U.S. 152, 167-68 (1982)); see also Bousley v. United States, 523 U.S. 614, 621 (1998) (habeas review is an extraordinary remedy and will not be allowed to do service for an appeal; and failure to challenge a matter on direct appeal, absent certain compelling circumstances, bars collateral review of same); Stone v. Powell, 428 U.S. 465, 477 n.10 (1976)**.

Although Petitioner filed a direct appeal, he did not raise or even mention the instant claims. Furthermore, Petitioner has done little more than make a half-hearted attempt to establish cause to excuse his procedural default. That is, in response to a question on Petitioner's motion to vacate form pertaining to the exhaustion of his claims, he merely states that "except for the alcohol claim, [the claim challenging the

sufficiency of the evidence to establish premeditation], all grounds were not aware at time of trial. All [l]aws and [j]urisdictional [i]ssues were not questioned because trial attorney was not aware of them." **Petitioner's Motion, at 8.** Notably, however, Petitioner does not assert or suggest that counsel somehow was ineffective in his handling of the instant allegations. Suffice it to say, therefore, Petitioner's explanation falls far short of establishing cause for his failure to exhaust his claims.

Moreover, even assuming that Petitioner's explanation is somehow sufficient to establish cause for his procedural default, he still cannot overcome that default because he has failed to show actual prejudice resulting from the errors about which he complains. *See Frady*, **456 U.S. at 167-68 (noting requirement to show both cause and prejudice to overcome default)**. Indeed, Petitioner has not even attempted to establish that the alleged errors worked to his "actual and substantial disadvantage, infecting his entire [proceeding] with error of constitutional dimensions." *Id.* **at 170**. Nor has Petitioner made any mention of his actual innocence. Accordingly, Petitioner's failure to raise these claims at any point before now results in their procedural default, and such unexcused default divests this Court of the authority to adjudicate the allegations.

## IV.  ORDER

**IT IS, THEREFORE, ORDERED** that Petitioner's motion to vacate,

set aside or correct sentence pursuant to 28 U.S.C. § 2255 is hereby

**DENIED** and the action is dismissed by way of Judgment filed herewith.


Signed: November 19, 2008


Lacy H. Thornburg
United States District Judge