# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION

## CRIMINAL CASE NO. 2:05cr08

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> FREEMAN DARRELL WELCH, ) <br> ) <br> Defendant, ) <br> ) <br> and ) <br> ) <br> EASTERN BAND OF CHEROKEE ) <br> INDIANS, ) <br> ) <br> Garnishee. ) <br> _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's Petition to Withdraw Garnishee Order. [Doc. 82].

The Defendant was convicted of first degree murder in June 2006. In the Judgment entered July 13, 2006, the Defendant was ordered to pay a $100.00 assessment and $11,089.62 in restitution. [Doc. 45]. On September 6, 2006, the Government submitted an application for garnishment of the Defendant's per capita gaming revenue from the

Eastern Band of Cherokee Indians. [Doc. 58]. This Court entered an Order of Garnishment on October 12, 2006. [Doc. 72].

In his Petition, the Defendant argues the Garnishment Order should be withdrawn because he is making quarterly or semi-annual payments toward his restitution obligation through the Bureau of Prisons. [Doc. 82]. The fact that the Defendant may be making such payments, however, has no impact on the Government's ability to garnish income from other sources. The Defendant provides no authority in his Petition to support any such argument and the Court is unaware of any such authority. The Government is entitled to seek payment from any source of income pursuant to the Federal Debt Collection Procedures Act, with very narrow exceptions, none of which are applicable here.

Accordingly, **IT IS, THEREFORE, ORDERED** that the Defendant's Petition to Withdraw Garnishee Order [Doc. 82] is **DENIED**.

**IT IS SO ORDERED.**

Signed: March 3, 2010

Martin Reidinger
United States District Judge