IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION

CRIMINAL CASE NO. 2:05cr08

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | O R D E R |
| | ) | |
| FREEMAN DARRELL WELCH. | ) | |

**THIS MATTER** is before the Court on Defendant's "Motion for Temporary Restraining Order and Injunction and Show Cause Order." [Doc. 85].

The Defendant seeks injunctive relief to prevent the Federal Bureau of Prisons (BOP) from withdrawing funds from his inmate account pursuant to the Inmate Financial Responsibility Program (IFRP).

The Defendant's Judgment requires him to pay an assessment in the amount of $100.00 and restitution in the amount of $11,089.62. [Doc. 45 at 4]. The Judgment further states that payment of the total criminal monetary penalties is "to begin immediately." [Id. at 5]. The Defendant cites United States v. Miller, 77 F.3d 71, 78 (4th Cir. 1996), in support of his argument that his participation in the IFRP represents an improper delegation of this

Court's authority to collect restitution. It is well-settled, however, in the Fourth Circuit that when the sentencing court has ordered immediate payment of a court-imposed monetary penalty, an inmate's participation in the IFRP does not violate Miller. See United States v. Watkins, 161 F. App'x 337, 337 (4th Cir. 2006); see also Bramson v. Winn, 136 F. App'x 380, 381 (1st Cir. 2005).

The authority and method of collecting through the IFRP as well as the determination of the Defendant's ability to pay has been delegated to the BOP by federal regulations. 28 C.F.R. §§ 545.10-.11. A defendant is, therefore, obligated to exhaust all administrative remedies through the BOP before seeking relief in the appropriate district court. See McGhee v. Clark, 166 F.3d 884, 886 (7th Cir. 1999); Aja v. Bureau of Prisons Staff, No. 98-4558, 1999 WL 1336093, at *1 (6th Cir. Dec. 20, 1999); United States v. Rumney, No. 95-1647, 1996 WL 325485, at *1 (1st Cir. June 13, 1996); Indelicato v. Suarez, 207 F.Supp.2d 216, 218 (S.D.N.Y. 2002). Thereafter, a defendant may challenge such payments but only by filing the appropriate pleading in the district court of confinement, not with the sentencing court. Moore v. Olson, 368 F.3d 757, 759 (7th Cir. 2004); Matheny v. Morrison, 307 F.3d 709, 712 (8th Cir. 2002).

For these reasons, **IT IS, THEREFORE, ORDERED** that the "Motion for Temporary Restraining Order and Injunction and Show Cause Order" [Doc. 85] is hereby **DENIED**.

**IT IS SO ORDERED.**

Signed: April 29, 2010

Martin Reidinger
United States District Judge